IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-171-BO

JUDSON WITHAM,
          Plaintiff,

v.

NEW YORK STATE, et al.,
          Defendants.

<u>O R D E R</u>

This cause comes before the Court on plaintiff's *pro se* motion to vacate [DE 20] this Court's previous order dismissing his case. [DE 6].

Plaintiff, proceeding *pro se*, originally filed his complaint on April 10, 2017. [DE 1]. This Court dismissed his case on May 31, 2017, finding that he had failed to satisfy the minimum notice standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and that the Court lacked personal jurisdiction over the defendants. [DE 6]. Plaintiff's appeal was dismissed by the Fourth Circuit [DE 16] and the Supreme Court denied his petition for writ of certiorari [DE 19]. Plaintiff has now moved to vacate the dismissal pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) provides for several grounds for relief from a final judgment, order, or proceeding, including, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1)–(3).

Plaintiff does not establish that relief pursuant to Rule 60(b) is merited here. His motion is not pursuant to any of the above grounds.[1] The Court construes *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but the contents of plaintiff's motion are those claims already considered and rejected by this Court when it entered its final judgment. [DE 6]. Therefore, nothing in the motion supports setting that judgment aside.

For the foregoing reasons, plaintiff's motion to vacate this Court's order [DE 20] is DENIED.

SO ORDERED, this 17 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion does contain the word 'fraudulent,' but is still a rehashing of his original arguments. And, as his case was dismissed prior any defendant being served, alleging an opposing party committed fraud, misrepresentation or misconduct is not possible.

2