IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-171-BO

| | | |
|---|---|---|
| JUDSON WITHAM, | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NEW YORK STATE, et al., | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's *pro se* motion to recuse and change venue [DE 22]. This motion follows this Court's previous order dismissing his case [DE 6] and denying his motion to vacate [DE 21].

Plaintiff, proceeding *pro se*, originally filed his complaint on April 10, 2017. [DE 1]. This Court dismissed his case on May 31, 2017, finding that he had failed to satisfy the minimum notice standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and that the Court lacked personal jurisdiction over the defendants. [DE 6]. Plaintiff's appeal was dismissed by the Fourth Circuit [DE 16] and the Supreme Court denied his petition for writ of certiorari [DE 19]. Plaintiff's motion to vacate the dismissal pursuant to Federal Rule of Civil Procedure 60(b) was denied by this Court on August 17, 2018. [DE 21]. Plaintiff has now filed the instant motion, titled "Motion to Recuse and Change of Venue Continuing Fraud Upon The Court Demand For En Banc Reconsideration." [DE 22].

Plaintiff's case is closed. His case was dismissed. The Fourth Circuit affirmed that dismissal, and the Supreme Court declined to hear his appeal. His previous motion for relief from the final judgment was denied. There is nothing left to say. Plaintiff's motion [DE 22] is DENIED.

SO ORDERED, this **30** day of August, 2018.

                                                */s/ Terrence Boyle*
                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE